# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**GARY SPOLETA, a New Mexico resident,**

    **Plaintiff,**

**v.**                                        **No. CIV 98-1292 BB/JHG**

**LONE STAR STEAKHOUSE & SALOON, Inc., a foreign corporation,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING CASE

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand [#9] and Defendant's Motion to Dismiss or Transfer [#7]. The Court having considered the briefs of counsel and being otherwise duly advised, FINDS the Plaintiff's motion is not well supported and it will be DENIED. Defendant's motion is well supported and it will be GRANTED and the case transferred to the United States District Court for the District of Kansas.

## Discussion

I. **Motion to Remand**

On September 18, 1998, Plaintiff, Gary Spoleta, filed his complaint for damages against Defendant, Lone Star Steakhouse & Saloon, Inc. Defendant also received a copy of Plaintiff's complaint for damages on that day. Defendant filed a notice of removal to this Court on October 15, 1998, and served Plaintiff by mail on that same day.

At this point Defendant became the victim of a series of misadventures. A courier service employed by Defendant's counsel filed the notice of removal in this court, but did not receive an endorsed copy of the pleading at the time of filing because an insufficient number of copies had been provided. The courier conveyed this information to Defendant's counsel who requested an endorsed copy immediately. However, an endorsed copy was not available until the following Monday because the case had not yet been processed and there was no way to get a copy until the case was processed. An endorsed copy did not therefore become available until October 21, 1998. The courier delivered an endorsed copy to Defendant's counsel that day. Defense counsel immediately thereafter filed his notice of removal in state court; six days after providing the notice to this court and Plaintiff's counsel.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading ...." 28 U.S.C. § 1446(b). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such state court ...." 28 U.S.C. § 1446(d). Plaintiff moves to remand this case to the Second Judicial District Court for the State of New Mexico on the ground that Defendant failed to "promptly" file the notice of removal with the state court.

While there has been some variance in the interpretation of the word "promptly" under § 1446(d), it clearly does not require the state court filing be made within the thirty-day requirement necessary to effectuate removal. *Patterson v. Refinery Eng'g Co.*, 183 F. Supp. 459, 462 (D.N.M. 1960); *Donlan v. F.H. McGraw & Co.*, 81 F. Supp. 599, 600 (E.D.N.Y. 1948); 14C WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3736 (1998) (notice need not be given to the state court before the time for petitioning the federal court expires).

The purpose of filing the notice in state court is to inform that court it has lost jurisdiction and to proceed no further without further directive from the

federal court. *In re Marriage of Pardee*, 408 F. Supp. 666 (C.D. Cal. 1976). Until the state court receives such notice, therefore, it retains jurisdiction. Thus, the main purpose of the "prompt" notice requirement is to prevent conflicting orders because until notice is filed in state court, both courts have concurrent jurisdiction. *Berberian v. Gibney*, 514 F.2d 790 (1st Cir. 1975); *Transitional Learning Community of Galveston, Inc. v. Metropolitan Life Ins. Co.*, 895 F. Supp. 153 (S.D. Tex. 1995). Failure to file such notice in the state court does not, therefore, deprive the federal court of jurisdiction or require a remand, but merely places the parties in danger of inconsistent orders. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985); *CNA Cas. of Puerto Rico v. Fidelity & Cas. Co. of N.Y.*, 790 F. Supp. 45 (D.P.R. 1992). Plaintiff's motion to remand must therefore be denied.

II. <u>Motion to Dismiss or Transfer</u>

In early October 1997, Plaintiff and Defendant, through its CEO and Chairman Jamie Coulter, began negotiating to obtain Plaintiff's services as a consultant for Lone Star. These negotiations took place in Albuquerque on two occasions during October. During the first week of November 1997, Plaintiff received a letter from Coulter offering to hire him as a consultant for a period of

4

six months and requesting that Plaintiff begin by November 10, 1997. Coulter also allegedly made an oral promise of a bonus if Plaintiff produced significant savings for Lone Star. Plaintiff agreed to become Defendant's consultant.

On November 11, 1997, Coulter and Plaintiff entered into a letter agreement which contained a monthly salary figure of $16,340.00, but made no mention of a bonus. That letter agreement concluded with the following clauses:

> 12. <u>**GOVERNING LAW**</u>. This agreement will be governed by and construed and enforced in accordance with the laws of the State of Kansas, and as performed in Wichita, Sedgwick County, Kansas.
>
> 13. <u>**ARBITRATION**</u>. This agreement has been made in and shall be interpreted according to the laws of the State of Kansas without any reference to the conflicts or laws or rules thereof. All claims or controversies arising out of this agreement shall be determined by arbitration in Wichita, Kansas in accordance with the rules of the American Arbitration Association or by and [sic] arbitrator selected by mutual agreement between counsel for each of the Company and yourself. ... Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The parties consent to the jurisdiction of the District Court of the 18th Judicial District of the State of Kansas, of Sedgwick County and of the United States District Court for the District of Kansas with respect to any such judgment or injunctive relief.

Defendant contends this agreement requires arbitration in Wichita, Kansas. Plaintiff argues that since he is suing on the oral promise of a bonus and not on the subsequent written contract which contains no such provision, the arbitration

clause does not apply.  Plaintiff contends "[i]t is significant to note that while the parties agreed to have Kansas law govern non-arbitrable claims under the agreement, they did not agree to a Kansas forum concerning non-arbitrable claims."  Plaintiff's Resp. at 7.  Unfortunately for Plaintiff, when the two are intertwined, both the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and logic strongly favor the agreed-to forum.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides that arbitration must take place "within the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. § 4.  Thus, only federal or state courts in Kansas can compel arbitration in Kansas.  *Netherlands Curacao Co., N.V. v. Kenton Corp.*, 366 F. Supp. 744 (S.D.N.Y. 1973).

While it is true, then, that there is a presumption in favor of the Plaintiff's choice of a forum,[1] a federal court must also give due consideration to an arbitration clause.[2]  Moreover, there is an obvious argument that the Plaintiff made his forum selection at the time the contract was signed, not when suit was

---

[1] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

[2] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988); *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989); *Leadertex v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995) ("A district court has no discretion regarding the arbitrability of a dispute when the parties have agreed in writing to arbitration.").

6

filed.  *Clisham Mgmt., Inc. v. American Steel Bldg. Co.*, 792 F. Supp. 150 (D. Conn. 1992).  For these reasons, courts in this Circuit generally carry out the terms of freely negotiated arbitration agreements.  *See Milk "N" More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992); *United States v. Miller-Stauch Constr. Co.*, 904 F. Supp. 1209, 1213 (D. Kan. 1995); *Federated Rural Elec. Ins. Co. v. Nationwide Mut. Ins. Co.*, 874 F. Supp. 1204, 1209 (D. Kan. 1995); *Janko v. Outboard Marine Corp.*, 605 F. Supp. 51 (W.D. Okla. 1985); *Furry v. First Nat'l Monetary Corp.*, 602 F. Supp. 6 (W.D. Okla. 1984).

When broad arbitration language, such as that in the present case,[3] is employed, courts generally require arbitration, even when not all of the claims arise from the language of the contract.  *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574 (1960); *Painewebber, Inc. v. Hartman*, 921 F.2d 507 (3d Cir. 1990); *Associated Brick Mason Contractors, Inc. v. Harrington*, 820 F.2d 31, 35 (2d Cir. 1987); *Zions First Nat'l Bank v. Allen*, 688 F. Supp. 1495 (D. Utah 1988).  Plaintiff's fraud claim provides a good example.  Plaintiff alleges Defendant, through Coulter, made representations that Plaintiff would receive a bonus if he obtained savings for Defendant when it knew that such

---

[3] "All claims and controversies arising out of this agreement shall be determined by arbitration … (emphasis added)."

representations were not true and were made with the intent to deceive.  Thus, Plaintiff does not allege he was defrauded into signing the arbitration clause but that the entire contract was induced by fraud.  This is insufficient to avoid the effect of an arbitration clause.  *Hamilton Life Ins. Co. of N.Y. v. Republic Nat'l Life Ins. Co.*, 408 F.2d 606 (2$^d$ Cir. 1969); *Smith Wilson Co. v. Trading & Dev. Estab.*, 744 F. Supp. 14 (D.D.C. 1990); *Cady v. A.G. Edwards & Sons, Inc.*, 648 F. Supp. 621 (D. Utah 1986); *Zions First Nat'l Bank, supra.*  Moreover, while Plaintiff argues his claims do not arise from the written contract, it is clear Defendant will base its defense on that contract.

This Court must also notice the fact that the parties agreed to have any disputes arising out of the contract resolved under the law of Kansas.  While this Court can clearly read the law of Kansas, "[i]t is generally recognized that 'a diversity case should be decided by a court which is most conversant with the applicable state law.'" *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1318-19 (S.D. Ohio 1991) (quoting *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill. 1989)).  "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case." *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp.

317, 321 (S.D. Miss. 1989) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)).

Lone Star and Spoleta chose Wichita, Kansas, as the forum for arbitration and necessary judicial action as well as Kansas law as the Rosetta Stone to resolve such disputes. When an action is brought involving a prorogation clause outside the designated district, some courts have concluded the appropriate remedy is to dismiss the case. *See* 1 ROBERT C. CASAD, JURISDICTION IN CIVIL ACTIONS § 5.06[1] n. 300 (2d ed.). However, the majority of courts have found transfer the appropriate remedy. *Id.* ns. 293-94. Accordingly, because this Court may not compel arbitration in Kansas, it must dismiss this case or transfer to the proper venue.

## TRANSFER ORDER

For the above stated reasons, Plaintiff's motion to remand is DENIED, and this case is TRANSFERRED pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Kansas at Wichita.

Dated at Albuquerque this 26th day of April, 1999.

_____
**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**

Benjamin Silva, Jr., Wayne R. Suggett, Silva Rieder & Maestas, Albuquerque, NM

**Counsel for Defendant:**

Stanley K. Kotovsky, Jr., Hinkle Cox Eaton Coffield & Hensley, Albuquerque, NM
Robert Martin, Martin Pringle Oliver Wallace & Swartz, Wichita, KS